IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

HAROLD LAKE,

Plaintiff,

-vs-

CASE NO.: 3:16-CV-39-J-20JBT

STELLAR RECOVERY, INC.,

Defendant.
_____/

## COMPLAINT

Plaintiff, Harold Lake, by and through his undersigned counsel, sues the Defendant, Stellar Recovery, Inc., and in support thereof respectfully alleges as follows:

1. Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA").

## INTRODUCTION

2. The TCPA was enacted to prevent companies like Stellar Recovery, Inc. from invading American citizen's privacy and prevent abusive "robo-calls."

3. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct. 740, 745, 181 L.Ed. 2d 881 (2012).

4. "Senator Hollings, the TCPA's sponsor, described these calls as 'the *1256 scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone

1

out of the wall.' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

5. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." https://www.fcc.gov/document/fact-sheet-consumer-protection-proposal

## JURISDICTION AND VENUE

6. This is an action for damages exceeding Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

7. Jurisdiction and venue for purposes of this action are appropriate and conferred by 47 U.S.C. §227(b)(3), 47 U.S.C. §227(c)(5), and 15 U.S.C. § 1692K(d).

8. Venue is proper in this District because the Plaintiff resides in this District (Suwannee County, Florida), the phone calls were received in this District, and the Defendant transacts business in Suwannee County, Florida.

## FACTUAL ALLEGATIONS

9. Plaintiff is a natural person, and citizen of the State of Florida, residing in Suwannee County, Florida.

10. Plaintiff is a "consumer" as defined in Florida Statute 559.55(8) and 15 U.S.C. § 1692(a)(3).

11. Plaintiff is an "alleged debtor."

12. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

13. Defendant, Stellar Recovery Inc., is a Florida Corporation with an office for transacting business in this district located at 4500 Salisbury Road, Suite 105, Jacksonville, FL 32216. Defendant's registered agent is BRANT ABRAHAM REITER MCCORMICK & JOHNSON, 50 NORTH LAURA STREET, SUITE 2750, JACKSONVILLE, FL 32202.

14. Defendant is a "debt collector" as defined by Florida Statute § 559.55(7) and 15 U.S.C. § 1692(a)(6).

15. The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(6) and U.S.C. § 1692(a)(5).

16. Defendant called the Plaintiff over one hundred (100) times since approximately January, 2015, in an attempt to collect a debt.

17. Defendant attempted to collect a debt from the Plaintiff by this campaign of telephone calls.

18. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

19. On information and belief, the telephone calls were placed using automated telephone dialing equipment, without human intervention.

20. Each call Defendant made to the Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1).

21. Each call Defendant made to the Plaintiff's cell phone was done so without the "prior express consent" of the Plaintiff.

22. Beginning on or about early 2015, Plaintiff began receiving automated calls from Defendant to his cellular telephone number of (***) ***-3831 attempting to collect a debt.

23. After receiving several unwanted robocalls from Defendant, Plaintiff answered a call in early April 2015 and spoke to an unknown agent. During said conversation Plaintiff told Defendant's agent to stop calling. An agent advised Plaintiff "would be removed from the list"; however this never occurred.

24. Despite Plaintiff clearly instructing Defendant to stop calling, Defendant continued its robo-call campaign against Plaintiff.

25. Due to the voluminous amount of calls Plaintiff received he was not able to keep track of every one, however below is a small sampling of the calls he received after he had instructed Defendant to cease calling:

    i) May 12, 2015

    ii) May 15, 2015;

    iii) May 16, 2015;

    iv) May 18, 2015;

    v) May 20, 2015; and

    vi) May 22, 2015.

26. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or Defendant, to remove the number.

27. Defendant's corporate policy is structured as to continue to call individuals like the Plaintiff, despite these individuals explaining to Defendant that they wish for the calls to stop.

28. Defendant has numerous other federal lawsuits pending against them alleging similar violations as stated in this complaint.

29. Defendant has numerous complaints against them across the country asserting that their automatic telephone dialing system continues to call them after they have requested for it to stop.

30. Defendant has had numerous complaints from consumers against them across the country asking to not be called, however the Defendant continues to call.

31. Defendant's corporate policy provided no means for the Plaintiff to have his number removed from the call list.

32. Defendant has a corporate policy to harass and abuse individuals despite actual knowledge that the called parties wish for the calls to stop.

33. Plaintiff did not expressly consent to Defendant's placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendant's placement of the calls.

34. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

35. Defendant willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

## COUNT I
### (Violation of the TCPA)

36. Plaintiff incorporates Paragraphs one (1) through thirty-five (35).

37. Defendant willfully violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that Defendant no longer wished to be called.

38. Defendant knowingly violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that he no longer wished to be called.

39. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FCCPA)

40. Plaintiff incorporates one (1) through thirty-five (35).

41. At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

42. Defendant has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family.

43. Defendant has violated Florida Statute §559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

44. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT III
### (Violation of the FDCPA)

45. Plaintiff incorporates one (1) through thirty-five (35).

46. At all times relevant to this action Defendant is subject to and must abide by 15 U.S.C. § 1692 *et seq*.

47. Defendant has violated 15 U.S.C. § 1692(d) by willfully engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

48. Defendant has violated 15 U.S.C. § 1692(d)(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

49. Defendant has violated 15 U.S.C. § 1692(f) by using unfair and unconscionable means to collect or attempt to collect any debt.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

/s/ *Frank H. Kerney III, Esq.*
Frank H. Kerney III, Esq.
FBN: 88672
Morgan and Morgan, Tampa, P.A.
201 N. Franklin St. Suite 700
Tampa, FL 33602
813.577.4729 – office
813-559-4831 – fax
FKerney@forthepeople.com – primary
RJohnson@forthepeople.com – secondary
JKneeland@forthepeople.com - secondary
Attorney for the Plaintiff